Assadourian v. Brown

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

———————————————————————————

Joseph Assadourian,

> *Petitioner-Appellant*,

> v.                                                              10-5175

William D. Brown, Superintendent,

> *Respondent-Appellee*.

———————————————————————————

FOR PETITIONER-APPELLANT:        Joseph Assadourian, *pro se*, Otisville, N.Y.

FOR RESPONDENT-APPELLEE:        Alyson J. Gill, Assistant Attorney General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Joseph Assadourian, *pro se*, appeals the district court's judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court conducts a *de novo* review of a district court's denial of a § 2254 petition. *See Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010). However, we may set aside a district court's factual findings only if those findings are clearly erroneous. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Under the Antiterrorism and Effective Death Penalty Act of 1996, when the state courts have adjudicated a petitioner's claim on the merits, a federal court may grant habeas relief only if the state court's adjudication of that claim resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). An unreasonable application of federal law occurs when a "state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the [petitioner's] case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). For a state court's application of federal law to be unreasonable, the application must be "objectively unreasonable." *Id.* at 409. Where there has been an adjudication on the merits in the state court proceeding, review under § 2254(d)(1) does

2

not permit consideration of new evidence in an evidentiary hearing before the federal habeas court, and review is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceeding]." *Id.* at 694. In order for a defendant to demonstrate prejudice in the context of a claim of ineffective assistance resulting in the rejection of a plea offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).

As an initial matter, because Assadourian's appellate brief fails to challenge the district court's denial of his claim for ineffective assistance of appellate counsel, we deem the claim abandoned, and do not address it in this opinion. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). Additionally, we decline to reach the merits of the State's argument that the district court failed to afford appropriate deference to the state trial court's determination that trial counsel did not perform unreasonably in failing to discover Assadourian's non-predicate felon status, as Assadourian's failure to establish that he was prejudiced by counsel's actions is dispositive of this appeal. *See Strickland*, 466 U.S. at 687.

3

We conclude that the district court properly denied Assadourian's claim that counsel's actions prejudiced him by depriving him of the chance to receive a more favorable plea offer. Given that the prosecutor repeatedly asserted that the State had no intention of offering him a plea to a sentence under ten years, and that the offer was not based on a mistaken belief as to the applicable statutory minimum, the state court's determination that Assadourian had not been prejudiced was completely reasonable, thus satisfying § 2254(d)(1)'s deferential standard. *See Premo v. Moore*, 131 S. Ct. 733, 743 (2011). Moreover, even assuming *arguendo* that the State initially considered a plea to a lower sentence, the record does not reflect that there was a reasonable probability that such a plea offer would have ultimately been presented to the state trial court, which is also fatal to Assadourian's claim of prejudice. *See Lafler*, 132 S. Ct. at 1385. As the state court's decision on this claim did not involve an unreasonable application of clearly established federal law, we affirm the district court's denial of the claim.

Assadourian's arguments on appeal are unpersuasive.[1] Assadourian's argument that the state court unreasonably applied federal law because its decision was inconsistent with this Court's holding in *Mask v. McGinnis*, 233 F.3d 132, 140-42 (2d Cir. 2000), is without merit, as habeas relief is only warranted where a state court unreasonably applies clearly established Supreme Court law, which, as discussed above, did not occur in this case. *See* 28 U.S.C. § 2254(d); *see also Mask v. McGinnis*, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam).

---

[1] We acknowledge that, in light of the Supreme Court's subsequent holding that review under § 2254(d) is to be limited to the record before the state court, *see Cullen*, 131 S. Ct. at 1398, the district court erred in holding an evidentiary hearing as to the issue of prejudice. However, we conclude that the error was harmless. In our review, we have not considered any of the evidence that was presented only to the district court.

4

As for Assadourian's claim that he was prejudiced by trial counsel's failure to discover his non-predicate felon status because this resulted in his being deprived of his Fifth Amendment right to testify on his own behalf, our independent review of the record and relevant case law reveals that the district court properly denied this claim as well. We thus affirm the denial of this claim for substantially the same reasons stated by the district court in its July 16, 2009 decision.

We have considered Assadourian's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk